Filed 6/4/21  In re A.J. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.J., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent;<br>v.<br><br>A.T.,<br><br>    Defendant and Appellant. | E076568<br><br>(Super.Ct.No. J276389)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Erin K. Alexander, Judge.  Reversed with directions.

Emily Paige Uhre, under appointment by the Court of Appeal, for Defendant and Appellant.

Michelle D. Blakemore, County Counsel, and Richard W. Van Frank, Deputy County Counsel for Plaintiff and Respondent.

1

Father appeals from a judgment terminating his parental rights (Welf. & Inst. Code, § 366.26[1]), following proceedings that were initiated in Los Angeles County, and transferred to San Bernardino County.  At the original jurisdiction/disposition hearing, the court made findings that the Indian Child Welfare Act (ICWA) did not apply, based on the parents' statements they had no Indian heritage.  Following transfer of the case to San Bernardino, and prior to the section 366.21, subdivision (e), six month status review hearing, the paternal grandmother submitted a form indicating she had Indian ancestry, and listed another relative who also had Indian ancestry.  However, no investigation was done and eventually the juvenile court terminated parental rights.  Father appealed.

On appeal, father claims that the juvenile court and the San Bernardino County Children and Family Services Agency (CFS) had abrogated their statutory duty to investigate A.J.'s Indian heritage.  CFS concedes.  We conditionally reverse.

## BACKGROUND

On October 2017, A.J. came to the attention of the Los Angeles County Department of Children and Family Services (DCFS) based on allegations of general neglect, due to mother's prior child welfare history of substance abuse, domestic violence, and failure to protect A.J.'s sibling from sexual abuse, among other concerns.  A petition was filed on November 2, 2017 alleging domestic violence between mother and father, and failure to protect siblings (in the prior dependency proceedings) against physical abuse and sexual abuse which created a risk of abuse to A.J., and mother's

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

history of substance abuse, within the meaning of section 300, subdivisions (a), (b), (d), and (j).

Mother indicated that A.J. had no Indian ancestry, but she did not provide any contact information for the father, A.T., whom she had not seen in months. At the time of the initial hearing, the court deferred making a finding under ICWA because contact had not been made with father, who had been located in custody in San Bernardino County. When contacted, father indicated he had no Indian heritage, so the court found that ICWA did not apply. The court detained A.J. from father's custody, but maintained the child in the care of mother.

In January 2018, A.J. was detained from mother because she had tested positive for methamphetamines and had been under the influence of the drug in the child's presence. In February, the social worker apprised the court that mother had entered a sober living home in Rialto, and that she and father resided in San Bernardino County, so the social worker recommended an inter-county transfer.

At the contested jurisdiction and disposition hearing, the court found father was the presumed father of A.J., and, after considering all the evidence and social worker's reports, sustained the petition as to the section 300, subdivisions (b) and (j) allegations, declared A.J. to be a dependent, and removed custody from both parents. On May 31, 2018, the court ordered the transfer to San Bernardino County. On June 14, 2018, San Bernardino County accepted the transfer.

In its six-month review report, CFS recommended terminating reunification services to Mother and indicated ICWA did not apply, although the report included no information about father. On October 22, 2018, the paternal grandmother, Ruth T., submitted a "Family Find and ICWA Inquiry," form which included her address and phone number, and indicated that she had Cherokee ancestry, affiliated with a tribe/band that was located in Tennessee. She also stated that it was "unknown" whether the child had other relatives with Native American ancestry, although she listed A.J.'s aunt, M.P., as an additional family member.

On October 22, 2018, at the contested six-month review hearing, father was present, and CFS now recommended additional services for both parents. However, neither the court nor CFS made an inquiry into the paternal grandmother's claims of Indian ancestry.

CFS filed its 12-month review report on February 13, 2019, recommending continued services for mother, but termination of father's services. The report contained the notation that ICWA does not apply, although there is no information regarding follow-up to grandmother's statement. At the hearing, the court found minimal progress by mother regarding the court-ordered services, but continued reunification services for mother while terminating father's services.

In its 18-month review report, CFS recommended terminating mother's reunification services and setting a section 366.26 hearing. The report noted "[t]he Indian Child Welfare Act does not apply," but there were no references to any contacts

with the paternal grandmother or aunt regarding their Indian heritage. At the 18-month review hearing, pursuant to section 366.22, father had been released from custody and appeared. The court terminated mother's reunification services and set a section 366.26 hearing. During the hearing, no mention was made of the paternal grandmother's claims of Indian ancestry. A hearing pursuant to section 366.26 was ordered.

CFS filed a section 366.26 report on November 4, 2019, requesting a continuance to locate an adoptive home for A.J. The report again report noted "[t]he Indian Child Welfare Act does not apply," although there was no information indicating the social worker had made an inquiry of the paternal grandmother or aunt regarding Indian ancestry. That same day, the paternal grandmother filed a second form, "RELATIVE: Family Find and ICWA Inquiry," again asserting she had Native American ancestry with the Cherokee tribe, although this time she specified that the tribe was located in Oklahoma. She also named a relative in North Carolina, who claimed Cherokee ancestry, indicating that relative had been born in Texas.

At the scheduled hearing, the court found good cause to continue the hearing, but did not order a further ICWA inquiry. In February 2020, CFS reported that an adoptive placement for A.J. had been identified in the home where A.J.'s half-siblings resided. Again, the report indicated that ICWA did not apply. The section 366.26 hearing was continued again, to transition A.J. to his adoptive placement. It was continued again pending the court's receipt of an update as a result of COVID-19.

5

On September 1, 2020, CFS submitted an additional information to the court report, reporting that the adoptive placement in the home of A.J.'s half-siblings was going well, and the caretakers wished to adopt him. The section 366.26 hearing was continued two additional times in September and October to provide notice to the parents.

The hearing to select and implement the permanent plan of adoption for A.J. was finally held on February 11, 2021, at which time the court found A.J. was adoptable and terminated the parental rights of both parents.

Father filed an appeal.

## DISCUSSION

On appeal, father argues the judgment must be reversed because both the court and CFS violated the duty of continuing inquiry as to the child's Indian ancestry. CFS concedes the error, and the parties have filed a stipulation agreeing to a limited remand of the matter to the juvenile court with directions to conduct further ICWA inquiries, as required by section 224.2.

A stipulated reversal under Code of Civil Procedure section 128, subdivision (a)(8) is permissible in a dependency case when the parties agree that reversible error occurred, and the stipulated reversal will expedite the final resolution of the case on the merits. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 380-382.) In such cases, where there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal, appellate courts have the legal authority to reverse. (*Neary v. Regents of the Univ. of California* (1992) 3 Cal.4th 273, 277.)

6

In the stipulation, the parties agree that the statutory continuing duty to inquire into whether A.J. was an Indian child pursuant to section 224.2, subdivision (a), was not satisfied, requiring a limited remand and the parties request immediate issuance of the remittitur. (§ 224.2, subd. (a)(5); *In re Francisco W.* (2006) 139 Cal.App.4th 695, 703.) Reversal is therefore appropriate given the Department's and juvenile court's failure to provide adequate ICWA notice. (See e.g., *In re A.B.* (2008) 164 Cal.App.4th 832, 839.) Although only father appealed, the parental rights termination order must be reversed as to both mother and father. (*In re Mary G.* (2007) 151 Cal.App.4th 184, 208.)

## DISPOSITION

The order terminating parental rights is reversed as to both parents. The juvenile court is directed to order CFS to provide adequate notice which contains information concerning father's relatives pursuant to the provisions of ICWA. If after proper notice and inquiry, a tribe determines that A.J. is an Indian child as defined by ICWA, the juvenile court is directed to conduct a new section 366.26 hearing in conformity with the provisions of ICWA. If there is no response or the tribes determine that A.J. is not an Indian child, the juvenile court is directed to reinstate all previous findings and terminate parental rights.

Pursuant to the parties' stipulation, the clerk of this court is directed to issue the remittitur immediately. (Cal. Rules of Court, rule 8.272(c)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

RAPHAEL

J.